IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
COMMONWEALTH OF PENNSYLVANIA )
DEPARTMENT OF ENVIRONMENTAL )
PROTECTION, and ALLEGHENY )
COUNTY HEALTH DEPARTMENT, )
                                  )
      Plaintiffs, )
                                  )
  v. )   Civil Action No. 07-0737
                                  )
ALLEGHENY COUNTY SANITARY )
AUTHORITY, )
                                  )
      Defendant. )

## MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.
                                                           January 23rd, 2008

      This is an environmental lawsuit relating to the discharge of sewage by defendant Allegheny County Sanitary Authority ("Alcosan"). Plaintiffs, the United States Of America, on behalf of the Environmental Protection Agency ("EPA"), the Pennsylvania Department of Environmental Protection ("PADEP") and the Allegheny County Health Department ("ACHD"), allege that Alcosan has violated the Clean Water Act, 33 U.S.C. § 1251 et seq., the Clean Streams Law, 35 P.S. §§ 691.1 - 691.1001, and certain ACHD rules and regulations. On or about May 25, 2007, the parties entered into a proposed Consent Decree which seeks to resolve the environmental claims alleged by plaintiffs.

      The McCandless Township Sanitary Authority and the Township of Ross ("petitioners") have filed a petition to intervene

pursuant to Rule 24 of the Federal Rules of Civil Procedure [Doc. No. 10].[1] For the reasons set forth below, the petition to intervene will be denied.

I. BACKGROUND

Alcosan is a municipal authority that provides sewage collection and treatment in Allegheny County. The geographic area served by Alcosan includes approximately 83 municipalities. Each of the 83 municipalities contributes sewage to the Alcosan system and has a contract with Alcosan. The contracts between the various municipalities and Alcosan permit Alcosan to pass its compliance costs on to the municipalities.

Plaintiffs filed this action alleging, inter alia, that Alcosan, during periods of wet weather, discharges sewage into the Ohio River, the Monongahela River, the Allegheny River and their tributaries in violation of the Clean Water Act, the Clean Streams Law, and certain ACHD rules and regulations.

Plaintiffs and Alcosan, in conjunction with the filing of this action, filed a proposed Consent Decree which resolves the claims set forth in plaintiffs' complaint and seeks to eliminate the sewage overflows into the rivers and streams of Allegheny

---

[1] The McCandless Township Sanitary Authority filed the petition to intervene on its own behalf as well as on behalf of Ross Township [Doc. No. 10]. Ross Township joined in the petition to intervene by way of a separate pleading [Doc. No. 15].

2

County. None of the 83 municipalities mentioned above are signatories to the Consent Decree.

As part of the Consent Decree, Alcosan is required to, inter alia, monitor sewage flow for 78 of the 83 municipalities which it serves. [Doc. No. 2 at 26-27]. These 78 municipalities for which Alcosan will measure sewage flow are referred to in the Consent Decree as "Participating Municipalities." [Doc. No. 2 at 11].

Petitioners provide sewage service to the remaining 5 municipalities which are not Participating Municipalities under the Consent Decree: the Town of McCandless, Franklin Park Borough, Kilbuck Township, Ohio Township and Ross Township. Petitioners service these 5 municipalities through the Lowries Run Interceptor Sewer ("LRIS"), a sanitary sewage line jointly owned and operated by petitioners. The LRIS discharges into Alcosan's sewage facilities pursuant to contracts between each of the 5 municipalities and Alcosan.

Petitioners aver that they have been independently conducting flow monitoring of the LRIS pursuant to an Administrative Consent Order entered into in 2004 with the ACHD. Consequently, the Consent Decree does not require Alcosan to perform flow monitoring of the sewage from the LRIS and the 5 municipalities serviced by the LRIS are not Participating

Municipalities under the Consent Decree.[2] [Doc. No. 2 at 11].

Petitioners aver that, as written, the Consent Decree fails to exclude the 5 non-Participating Municipalities as municipalities who will pay for Alcosan's flow monitoring expenses. [Doc. No. 10 at ¶ 14]. As such, according to petitioners, the 5 non-Participating Municipalities will be required to pay for their own flow monitoring as well as Alcosan's flow monitoring on behalf of the 78 Participating Municipalities. [Doc. No. 10 at ¶ 16]. Petitioners, therefore, move to intervene seeking modifications to the Consent Decree which would require Alcosan to reimburse the 5 non-Participating Municipalities for their flow monitoring costs. Specifically, petitioners seek to add the following language to the Consent Decree:

A.  Add to V. Definitions:

   "Non-Participating Municipalities" shall mean the Customer Municipalities of The McCandless Sanitary Authority, Franklin Park Borough, Kilbuck Township, Ohio Township and the portion of Ross Township that contributes sewage flows to the Lowries Run Interceptor of ALCOSAN." and

B.  Add to "N. Coordination with Customer Municipalities" Paragraph 70c after the last sentence:

   "The request for flow-monitoring data from a Non-Participating Municipality must be accompanied by recognition of a monetary credit against outstanding obligations or

---

[2] The Consent Decree, therefore, refers to the 5 municipalities only as "Customer Municipalities" and not as Participating Municipalities.

4

> payment by way of reimbursement for the flow-monitoring costs incurred by the Non-Participating Municipality pursuant to its duties under the Administrative Consent Order with the ACHD."

[Doc. No. 10 at ¶22]. For the reasons discussed below, the petition will be denied.

II. <u>DISCUSSION</u>

Petitioners seek to intervene as a matter of right, pursuant to Fed.R.Civ.P. 24(a)(2), or, alternatively, seek permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2). Petitioners, however, have failed to meet the threshold requirements for both forms of intervention.

A. <u>Intervention As Of Right</u>

An applicant seeking intervention as of right under Rule 24(a)(2) must establish: (1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. <u>Liberty Mut. Ins. Co. v. Treesdale, Inc.</u>, 419 F.3d 216, 220 (3d Cir. 2005)(citation omitted). "Each of these requirements must be met to intervene as of right." <u>Id.</u> (citing <u>Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 366 (3d Cir. 1995)).

To establish a sufficient interest in the underlying litigation, the second element, the applicant must demonstrate "an interest relating to the property or transaction which is the subject of the action." Liberty Mutual, 419 F.3d at 220 (quoting Mountain Top, 72 F.3d at 366) (internal quotation omitted). Here, petitioners' interest is limited to the language of the parties' proposed Consent Decree as it specifically relates to the allocation of Alcosan's flow monitoring expenses. As set forth in more detail above, petitioners seek to add language to the Consent Decree which would obligate Alcosan to reimburse the 5 non-Participating Municipalities for the flow monitoring costs they incur pursuant to the 2004 Administrative Consent Order with the ACHD.

This action, however, is not a dispute regarding Alcosan's flow monitoring expenses, the flow monitoring expenses of the municipalities serviced by Alcosan, or the compliance costs provisions included in Alcosan's contracts with the various municipalities. Rather, this compliance action concerns Alcosan's alleged discharge of sewage into the waters of Allegheny County in violation of the Clean Water Act, the Clean Streams Law and ACHD rules and regulations. Notably, petitioners do not even claim to have an interest relating to Alcosan's alleged violations. Consequently, petitioners' lack sufficient interest to intervene. See U.S. v. City of New York, 198 F.3d 360, 365 (2d Cir. 1999)

6

(affirming denial of intervention where the proposed intervenor's concerns regarding the costs and dangers of installation of a filtration system required by consent decree were irrelevant to the government's action to enforce the defendant-city's obligations to provide safe drinking water).

Moreover, "[i]n general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." Mountain Top, 72 F.3d at 366 (citations omitted). Petitioners plainly admit that they seek to amend the Consent Decree so as to prevent petitioners from continuing to pay for their own flow monitoring of the LRIS, while also paying for Alcosan's flow monitoring for the 78 Participating Municipalities. [Doc. No. 10 at ¶¶ 16, 17, 22]. As petitioners' interest in this action is purely an economic one, they lack the sufficient interest to intervene on this basis as well. See Liberty Mutual, 419 F.3d at 222, 225 (affirming the district court's denial of a motion to intervene by personal injury claimants in an insurance coverage action because "they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right"); Southeastern Pa. Transp. Auth. v. Pa. Public Utility Comm'n, 210 F. Supp. 2d 689, 705 (E.D. Pa. 2002) (denying railroad's motion to intervene in tax exemption dispute because its interest was "limited to the economic effects generated by the outcome of [the] litigation").

Because petitioners have not established a sufficient interest for intervention, their request to intervene as a matter of right pursuant to Rule 24(a)(2) must be denied. See Liberty Mutual, 419 F.3d at 227.

B. Permissive Intervention

Permissive intervention may be warranted "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2). Petitioners have failed to show commonality of facts or law between their interest in the wording of the proposed Consent Decree to the extent it addresses (or fails to address) flow monitoring costs and the plaintiffs' claims against Alcosan. As explained above, this action relates to the plaintiffs' enforcement of and Alcosan's alleged violation of various environmental laws resulting from Alcosan's discharge of sewage; this case does not concern the costs stemming from Alcosan's monitoring of sewage flow or the compliance costs provisions included in Alcosan's contracts with the 83 municipalities. Moreover, petitioners' economic interest in the wording of the Consent Decree is insufficient to show a commonality of facts or law. See Liberty Mutual, 419 F.3d at 228.

Because petitioners have not established common questions of law or fact between their objections to the Consent Decree and the compliance claims asserted by plaintiffs, petitioners' request for permissive intervention pursuant to Rule 24(b)(2) will be

denied. <u>See</u> <u>Liberty</u> <u>Mutual</u>, 419 F.3d at 228.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ALLEGHENY COUNTY HEALTH DEPARTMENT,<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGHENY COUNTY SANITARY AUTHORITY,<br><br>Defendant. | Civil Action No. 07-0737 |

ORDER

AND NOW, this 23rd day of January, 2008, upon consideration of the petition to intervene [Doc. No. 10] and supporting briefs [Doc. Nos. 12, 21], filed by petitioners the McCandless Township Sanitary Authority and the Township of Ross, and the parties' responses thereto [Doc. Nos. 16, 17, 24], IT IS HEREBY ORDERED THAT the petition to intervene [Doc. No. 10] is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record