```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>COMMONWEALTH OF PENNSYLVANIA )<br>DEPARTMENT OF ENVIRONMENTAL )<br>PROTECTION, and ALLEGHENY )<br>COUNTY HEALTH DEPARTMENT, )<br>   )<br>   Plaintiffs, )<br>   )<br>   v. )<br>   )<br>ALLEGHENY COUNTY SANITARY )<br>AUTHORITY, )<br>   )<br>   Defendant. ) | Civil Action No. 07-0737 |

MEMORANDUM ORDER

Gary L. Lancaster
District Judge.                                  May 22, 2008

    This is an environmental protection lawsuit relating to the discharge of sewage by defendant Allegheny County Sanitary Authority ("Alcosan"). On January 23, 2008, the court entered a Consent Decree that resolves the environmental claims alleged by plaintiffs against Alcosan [Doc. No. 26].

    Alcosan has filed a motion to enforce consent decree [Doc. No. 27]. In the motion, Alcosan seeks an order from this court that: (1) requires plaintiffs to engage in dispute resolution regarding plaintiffs' denial of Alcosan's request to extend the deadline for implementation of Alcosan's wet weather plan from September 20, 2026 to January 30, 2027; or, (2) modifies the Consent Decree to extend the deadline for implementation of Alcosan's wet weather plan from September 20, 2026 to January 30,

2027. [Doc. No. 27 at ¶¶ 20, 21]. Alcosan's motion is denied for the following reasons.

First, there is no dispute. Alcosan seeks to enforce the procedures set forth in section XIV of the Consent Decree, entitled "Dispute Resolution." Paragraph 140 of that section states in pertinent part:

> 140. [T]he dispute resolution procedures of this Section shall be the exclusive mechanism to resolve any and all disputes raised by Alcosan arising under or with respect to this Consent Decree.

There is no dispute as to the current wet weather plan implementation deadline of September 20, 2026. Rather, Alcosan asked plaintiffs to extend the implementation deadline of September 20, 2026 to January 30, 2027 and plaintiffs refused. Section XIX of the Consent Decree explicitly addresses modifications. Paragraph 165 of that section reads as follows:

> 165. The Consent Decree may be modified by written consent of all of the Parties. With the exception of modifications pertaining to scheduling and other matters deemed minor by the Plaintiffs, any modification of this Consent Decree by the Parties shall be in writing and filed with the Court before it will be deemed effective.

Pursuant to this language, a modification that is not consented to by all parties is ineffective. There is no dispute regarding modification of the plan implementation deadline, rather, Alcosan is dissatisfied with plaintiffs' response.

Plaintiffs have refused to provide written consent to

2

Alcosan's proposed modification. However, plaintiffs' refusal to provide written consent results in an ineffective modification, not a dispute. Because there is no dispute, the dispute resolution procedures set forth in section XIV of the Consent Decree do not apply. Alcosan's request that the court require plaintiffs to engage in dispute resolution is, therefore, denied.

Second, it is not for the court to modify the wet weather plan implementation date. As set forth above, the Consent Decree specifically addresses how modifications are to be effectuated. The requirements for an effective modification have not been met here. The court, therefore, also denies Alcosan's request to modify the wet weather plan implementation date.

Alcosan's motion to enforce consent decree [Doc. No. 27] is, therefore, DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record